**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2452-18T3

ABL ONE, LLC,

     Plaintiff-Respondent,

v.

159 PIERSON, LLC,

     Defendant-Appellant.

_____

         Submitted October 17, 2019 – Decided October 24, 2019

         Before Judges Mayer and Enright.

         On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-010664-18.

         Ahmer Kazmi, appellant pro se.

         Friedman Vartolo LLP, attorneys for respondent (Catherine Nicole Aponte, on the brief).

PER CURIAM

Ahmer Kazmi[1] appeals from a January 25, 2019 order denying a motion to vacate a final judgment of foreclosure. We affirm.

Plaintiff filed a foreclosure complaint against defendant 159 Pierson, LLC on May 18, 2018. According to the foreclosure complaint, defendant borrowed $126,750 from plaintiff and signed a note for repayment of the loan. To secure payment of the note in the event of default, defendant executed a mortgage in favor of plaintiff, conveying real property located at 159 Pierson Street, Orange, New Jersey.

On December 1, 2017, defendant failed to make the monthly payment due under the note. Based on defendant's default, plaintiff filed a foreclosure complaint.

Defendant's registered agent, Kazmi, was served with a copy of the summons and foreclosure complaint on June 5, 2018. The affidavit confirming

---

[1] The sole named defendant in this foreclosure action is 159 Pierson, LLC, a New Jersey limited liability company. Ahmer Kazmi, defendant's registered agent, is not a named defendant and is not an attorney licensed to practice law in New Jersey. In accordance with Rule 1:21-1(c), corporate entities must be represented in court by an attorney and "shall neither appear nor file any paper in any action in any court of this State except through an attorney authorized to practice in this State." See also Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 1:21-1(c) (2019).

A-2452-18T3

personal service of the summons and complaint upon defendant's registered agent was dated June 8, 2018.

Defendant failed to file an answer to the complaint, resulting in the entry of default on October 17, 2018. Plaintiff then applied for entry of a final judgment of foreclosure, which was entered on December 19, 2018. On the same date as the entry of the final judgment of foreclosure, Kazmi, in his capacity as the registered agent for defendant, filed a "notice of motion to set aside default pursuant to R. 4:43-3." Kazmi did not request oral argument and the motion was denied on January 25, 2019.

In a written statement of reasons annexed to the January 25, 2019 order, the motion judge found defendant failed to satisfy any of the grounds for vacating a final judgment under Rule 4:50-1. She explained that defendant failed to demonstrate excusable neglect or present a meritorious defense in support of setting aside the judgment.

The judge also rejected the registered agent's claim that he was never served with the summons and complaint, finding Kazmi's statement contrary to plaintiff's affidavit verifying personal service of the documents on Kazmi. The judge reasoned that the registered agent's "mere allegation that he was never

A-2452-18T3

served with the [s]ummons or [c]omplaint is insufficient to overcome the presumption created by the [a]ffidavits of [s]ervice."

In addition, the judge determined defendant did not establish the requisite good cause in support of a motion to vacate default pursuant to Rule 4:43-3. Because a duly filed affidavit of service creates a presumption in favor of service of process and defendant offered no additional reason for failing to respond to plaintiff's foreclosure complaint, the judge concluded good cause was not established to vacate the October 17, 2018 default.

On appeal, Kazmi raises the same arguments presented to the motion judge. He contends the judge abused her discretion by failing to "view[] defendant's application with great liberality to reach a just result and [mis]applied the appropriate standards in this default judgment case."

When a trial court considers a motion to vacate a default judgment, the motion must be viewed "with great liberality," and "every reasonable ground for indulgence" is tolerated "to the end that a just result is reached." Mancini v. EDS, 132 N.J. 330, 334 (1993) (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div. 1964)). A trial court's decision under Rule 4:50-1 is entitled to "substantial deference, and should not be reversed unless it results in a clear abuse of discretion." U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super.

94, 105 (App. Div. 2016) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)).  Rule 4:50-1 is "designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case."  Guillaume, 209 N.J. at 467 (quoting Mancini, 132 N.J. at 334).

Applying these standards, we discern no abuse of discretion in the motion judge's denial of defendant's motion to vacate the final judgment of foreclosure.  Defendant failed to satisfy any of the grounds for vacating a final judgment pursuant to Rule 4:50-1 or vacating a default in accordance with Rule 4:43-2.

We affirm for the reasons set forth in the judge's written statement of reasons.  Defendant's contentions on appeal are identical to the arguments presented to the motion judge and are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2452-18T3